**CITY OF READING**

v.

**FIRETREE, LTD. and Orange Stones Co., Appellants.**

Commonwealth Court of Pennsylvania.

Argued June 8, 2009.

Decided Aug. 18, 2009.

Publication Ordered Nov. 18, 2009.

Daniel F. Schranghamer, Williamsport, for appellants.

Charles D. Younger, Reading, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McGINLEY.

Orange Stones and Firetree, Ltd. (Orange Stones) appeal from the order of the Berks County Court of Common Pleas (trial court) entered on October 7, 2008, which granted the request of the City of Reading (City) for a continuance of the hearing on its motion for a preliminary injunction.

On August 8, 2008, Orange Stones purchased a building located at 1711 Hampden Blvd. Soon thereafter, it began to move its equipment into the building and conduct business operations.

*City's Enforcement Notice*

On August 15, 2008, the City's Building/Fire Code Board (Board) issued an Enforcement Notice/Cease of Operation Order because Orange Stones' activities

were in violation of various Sections of the City's Zoning Ordinance and the International Building Code[1] pertaining to changes in use or conditions of the building. According to the notice, Orange Stones was required to obtain a "zoning permit" and a new "certificate of occupancy" due to the change in ownership of the property. The Notice informed Orange Stones that it had 10 days to appeal the order.

### Orange Stones' Appeal to the ZHB

On August 18, 2008, Orange Stones appealed the ruling of the Board and alleged "the property has a certificate of occupancy, and there has been no change in the occupancy classification of the building. Therefore a new certificate of occupancy is not required." Reproduced Record (R.R.) at 22. The appeal was apparently stayed and is currently pending before the ZHB. R.R. at 43.

### City's Complaint and Motion for Preliminary Injunction

On September 10, 2008, the City filed a complaint and a motion for immediate preliminary injunction against Orange Stones seeking to restrain it from operating its business on its property. The City alleged that Orange Stones violated the City's zoning ordinance and failed to obtain a proper zoning permit and certificate of occupancy. *See* Section 110.1 Use and Occupancy of the 2006 International Building Code

which provides: "[n]o building or structure shall be used or occupied, and no change in the existing classification of a building or structure or portion thereof shall be made until the building official has issued a certificate of occupancy therefore as provided herein." The City alleged that Orange Stones "ignored Plaintiff's (City) attempts to require the proper zoning permit and certificate of occupancy." Motion for Immediate Preliminary Injunction at ¶ 3.

### Trial Court's September 17, 2008, Temporary Injunction

The trial court scheduled a hearing. Orange Stones responded with preliminary objections. At the September 17, 2008, hearing, the City asked the trial court to enter a temporary order against Orange Stones to prohibit it from conducting any "business activity" on the premises until the hearing. The trial court heard from the City an offer of proof from three witnesses it intended to call. Specifically, the City proffered the testimony of Cynthia Sopka, the Zoning Administrator of the City of Reading. She was prepared to testify that she posted the premises with a stop work order and subsequent to that she observed business related activities being conducted. City Councilman Marmarou was prepared to testify that he was at the premises and it appeared to him that there were people on the phone, operating computers and sitting behind desks. Last, the City indicated that a "Mr. Thomas"

---

1. Under Section 27–301(A) of the zoning ordinance, a zoning permit is required if a person erects, alters or convert any structure, building, lot or sign, or alters the use of any land or structure. Under Section 27–301(B) a zoning permit is required if a person excavates or stores materials on a lot in connection with the erection, razing, construction, placement, reconstruction, alteration, repair, extension, replacement, restoration, or conversion of any structure, building or sign. Under Section 27–301(C) a zoning permit is required if a person expands or changes a nonconforming use, adds to a nonconforming structure, or changes the use of land on which a nonconforming use or structure is situated. Section 27–301(8)(A) states that a zoning permit is valid until there is a change in use, condition, owner or lessee for which the permit was originally issued. Finally, Section 27–302(1) requires a new certificate of use or occupancy before using or occupying any structure, building, sign, or land.

would testify that he saw people inside the premises on the phones and at computers. Transcript of Proceedings (Tr.), September 17, 2008, at 8–9; R.R. at 139–140.

Edward Cox, the president of Orange Stones, was prepared to testify that "Orange Stones Company is not conducting any of the company's business on the property except maintenance and preparatory activity. There are employees there. They may be there on a regular basis and they are going ... [to] move some things in now and then. They are not regularly conducting business activity out of that premises." Tr. at 15–16; R.R. at 141. Counsel for Orange Stones represented to the trial court that no business activity was being conducted, but conceded that the company was "getting the property ready." Tr. at 13; R.R. at 141.

After hearing the arguments and proffers of testimony and because Firetree, Ltd., one of the defendants, had not been properly served, the trial court ordered Orange Stones not to use the premises in the interim for any regular business related activities and allowed Orange Stones to use the premises for preparatory work.[2] The trial court ordered that the parties conduct limited expedited discovery, temporarily prohibited Orange Stones from conducting business on the premises, and continued the hearing for October 7, 2008:

> AND NOW, this 17th day of September, 2008, the hearing on the City's request for preliminary injunction is hereby continued to Tuesday, October 7th, 2008 at 1:30 p.m. in Courtroom 7B of the Berks County Courthouse, Reading, Berks County, Pennsylvania.

It is additionally ordered that each side can conduct up to three depositions of opposing witnesses prior to that date. *It is further temporarily ordered that Defendant, Orange Stones Company, shall not use said premises for any regular business related activities including either as an office, base office, satellite office or the like.* Defendant may do preparatory work upon said premises. (Emphasis added).

*October 7, 2008, Hearing Continued*

The parties convened before the trial court on October 7, 2008, as scheduled. Orange Stones had conducted the deposition of Cynthia Sopka, the City's Zoning Administrator. The City had conducted no depositions prior to the hearing. The City requested to continue the hearing until December 2, 2008. Orange Stones objected to the continuance and was prepared to proceed with the hearing.

Orange Stones prepared a trial brief and stated three reasons why the motion for injunction should be denied (1) the enforcement notice was defective; (2) no zoning permit was required; and (3) no certificate of occupancy was required.

The City also prepared a trial brief in support of its motion for preliminary injunction. The City cited law which held that "a zoning permit shall be valid until such time as there is a change in ... owner." The City argued that a new zoning permit is required upon a change of ownership regardless of the change in use.

The trial court granted the City's request to continue the hearing until December 2, 2008, to give the City the opportunity to conduct depositions. The trial court

---

2. According to the trial court's Rule 1925 Opinion, its September 17, 2008, ruling was based on "the unobjected to use of offers of proof and Orange Stone's statements that it did not intend to use said premises for business purposes anyway." *See* Trial Court's Rule 1925 Opinion, January 27, 2009, at 1–2.

entered the following order on October 7, 2008:

> AND NOW this 7th day of October, 2008, the City of Reading's request for a continuance of their preliminary injunction request is hereby granted. The Plaintiff City of Reading must take the three depositions as requested in court.
>
> It is further ordered that a hearing on said preliminary injunction is hereby scheduled for Tuesday, December 2nd 2008, at 9:30 a.m. in Berks County Courthouse, Room 7B, Reading, Pennsylvania.

On October 28, 2008, Orange Stones filed the instant appeal from the October 7, 2008, order.

### Trial Court's Rule 1925 Opinion

In its Rule 1925 Opinion, the trial court indicated its belief that Orange Stones' appeal was interlocutory. "The preliminary temporary prohibitive injunction Order was entered so as to ensure that no modifications were made to the property at issue until the Court could make a determination as to whether permits were needed. The Court believes that there were reasonable grounds to enforce this prohibitive preliminary injunction until both parties presented testimony on the matter." Trial Court's Rule 1925 Opinion, January 27, 2009, at 2.

### Trial Court's Relinquishment of Jurisdiction

In light of Orange Stones' appeal, the trial court entered an order on December 4, 2008, stating that "Orange Stones Company having perfected an appeal to the Commonwealth Court of Pennsylvania and it appearing that jurisdiction now vests in said Commonwealth Court, it is hereby ordered that this Court shall take no further action at this time." Trial Court Order, December 4, 2008, at 1.

### Orange Stones' Appeal

On appeal, Orange Stones asserts that the trial court erred when it issued the injunction without first conducting a hearing on the merits, and then continued the injunction without any further evidence. It contends that the trial court had "absolutely no evidence before it to determine whether it [was] facing a situation of urgent necessity." Orange Stones claims that as a result of "these delays is that [it has] been enjoined from using the Property since September 17, 2008, without ever having the opportunity to challenge the City's basis for seeking an injunction." Brief of Appellant, March 16, 2009, at 14. It requests that the Order of October 7, 2008, be reversed.

### Rule of Appellate Procedure 1701(c)

First, this Court must disagree with the trial court's conclusion that it did not have jurisdiction to proceed after Orange Stones appealed to this Court.

Pennsylvania Rule of Appellate Procedure 1701(a) codifies a well-established principal. After an appeal is taken, "the trial court . . . may no longer proceed further in the matter." However, this general prohibition is limited by Pennsylvania Rules of Appellate Procedure 1701(c). Rule 1701(c) authorizes a court to continue the proceedings if the issue appealed is collateral to the main case.

**Rule 1701. Effect of Appeal Generally**

\* \* \*

**(c) Limited to matters in dispute.** *Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal,* or in a petition for review proceeding relating to a quasijudicial order, *the appeal or petition for review proceeding shall operate to prevent the trial court or other govern-*

*ment unit from proceeding further with only such item,* claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant. (Emphasis added).

Pa.R.A.P. 1701(c).

 So, the trial court may act on ancillary matters while an appeal from an order in the original action is pending. The purpose of Rule 1701(c) is to prevent appeals of ancillary issues from delaying the resolution of the basic issues while the matter may proceed without prejudicing the rights of the party seeking interim review. *Rosen v. Rosen,* 520 Pa. 19, 549 A.2d 561 (1988).

In addition, Rule 311(h) provides that Rule 1701(a) is not applicable where an appeal as of right is taken from an interlocutory order relating to *inter alia* an injunction. The Rule makes it clear that the procedure for seeking appellate review of these ancillary matters does not impair the authority of a trial court to continue on the merits:

> **Further proceedings in lower court.** Rule 1701(a) (effect of an appeal generally) shall not be applicable to a matter in which an interlocutory order is appealed under Subdivisions (a)(2) or (a)(4) of this rule.

Pa.R.A.P. 311(h).

As this Court previously noted, the Court's October 7, 2008, order, in effect, continued the temporary injunction it issued on September 17, 2008, and continued the evidentiary hearing until December 2, 2008.

This appeal concerns whether the trial court erred when it temporarily prohibited Orange Stones from using its premises without first conducting an evidentiary hearing. That issue is clearly ancillary to the substantive claim which involves the propriety of the City's Enforcement Notice/Cease of Operation Order.

Consequently, the trial court's subject matter jurisdiction was *not* removed pending the appeal of the October 7, 2008, order continuing the evidentiary hearing. In fact, it was proper for the trial court to proceed with the evidentiary hearing and issue a decree pending this appeal. What, in effect, happened is precisely what Rule 1701(c) was designed to avoid. Orange Stones is enjoined from using the premises pending the appeal in this Court, and continues to be enjoined to this date. Had the trial court proceeded with the evidentiary hearing on December 2, 2008, and ruled on the preliminary injunction, the underlying issue pertaining to Orange Stones' right to operate on the premises without an occupancy permit would be resolved at least at the trial court level. The appeal from the October 7, 2008, order would have made its way through this Court and quite possibly been rendered moot.

Because the trial court had jurisdiction to preside over the evidentiary hearing and to render a decision on the City's request for a preliminary injunction, the case must be remanded.

*Rule of Appellate Procedure 311*

 This Court also does not agree that the October 7, 2008, order was "unappealable." Again, the trial court's September 17, 2008, order "temporarily ordered that Defendant, Orange Stones Company, shall not use said premises for any regular business related activities including either as an office, base office, satellite office or the like." Unquestionably, this restriction was tantamount to a preliminary injunction. The trial court referred to it in its Rule 1925 Opinion as a "preliminary temporary

prohibitive injunction." The October 7, 2008, order, in effect, continued it.

It is axiomatic that an appeal as of right may be taken from an order issuing a preliminary injunction. Rule 311(a) of the Appellate Rules of Procedure provides:

(a) General Rule. An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

\* \* \* \*

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions. . . .

Pa.R.A.P. 311(a)(4).

Thus, contrary to the trial court's Rule 1925 opinion, the October 7, 2008, order *was* appealable under Rule 311(a)(4). While that appeal was pending before this Court, the trial court *had jurisdiction* to proceed with a hearing on the merits on December 2, 2008. The trial court should not have relinquished jurisdiction. It should have proceeded with the matter as scheduled. This Court must, therefore, remand the matter so that the trial court can proceed with the evidentiary hearing and determine if the City is entitled to a preliminary injunction.

Meanwhile, there is the matter of the appeal which, as explained, is properly before this Court which involves the issue of whether the trial court erred on October 7, 2008, when it continued the temporary preliminary injunction without first conducting a hearing. Again, resolution of this issue need not have halted the entire case.

### Standard of Review—Preliminary Injunction

■ The standard of review is to be applied within the realm of preliminary injunctions as follows:

[W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were *any apparently reasonable grounds for the action of the court below.* Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.,* 573 Pa. 637, 646, 828 A.2d 995, 1000 (2003) (quoting *Roberts v. Board of Dirs. of Sch. Dist.,* 462 Pa. 464, 341 A.2d 475, 478 (1975)). (Emphasis added).

■ Orange Stones asserts that the trial court issued the original preliminary injunction and then continued it for two months without taking any evidence to determine whether it was facing a situation of urgent necessity as required by Pa. R.C.P. No. 1531(a). It asks this Court to reverse the October 7, 2008, order.

Pa.R.C.P. No. 1531(a) which governs preliminary injunctions, requires that the court find immediate and irreparable harm will be sustained in order to issue a preliminary injunction without a hearing. That Rule permits a court to issue a preliminary or special injunction *without notice or a hearing* if it appears to the court "on the basis of the averments of the pleadings or petition" that immediate and irreparable injury will be sustained before notice can be given or a hearing held:

*A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case*

*the court may issue a preliminary or special injunction without a hearing or without notice.* In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require. (Emphasis added).

Here, the trial court explained its reason for restraining Orange Stones from using the premises for any regular business related activities pending the hearing. The trial court explained that it entered the temporary injunction *"to ensure that no modifications were made to the property at issue until the Court could make a determination as to whether permits were needed."* (Emphasis added).

Clearly, there was no immediate and irreparable injury or urgent necessity envisioned by Pa.R.C.P. No. 1531. There was no evidence of a risk of immediate and irreparable harm to the public or City if the preliminary injunction was not granted. There is nothing in the record to suggest that the trial court was faced with a situation of urgent necessity. As Orange Stones points out, the City placarded the property with enforcement notices on August 14, 2008. However, the City did not commence this action until September 10, 2008. At the time the injunction was issued, the City had made an offer of proof that there were individuals on the premises "on the phone," "sitting behind desks," "operating computers" and conducting "office procedures." Tr. 7–8; R.R. at 133. It does not appear that this conduct had any adverse affect on the public interest.

This does not end the inquiry. There is still the question of whether Pa.R.C.P. No. 1531 applies here. The City asserts that Pa.R.C.P. No. 1531 does not apply because this case involves a violation of a zoning ordinance. The City contends that because it seeks to enjoin a violation of a zoning ordinance the standard set forth in Section 617 of the Municipalities Planning Code, 53 P.S. § 10617 [3] applies.

### Section 617 of the MPC

The City, relying on *Township of Little Britain v. Lancaster County Turf Products,* 146 Pa.Cmwlth. 211, 604 A.2d 1225 (1992), argues it was required only to show a per se violation of its zoning ordinance in order to obtain an injunction and that it was not obligated to show risk of immediate and irreparable harm. Section 617 of the MPC provides in relevant part as follows:

*In case any building,* structure, landscaping or land is, or is proposed to be, erected, constructed, reconstructed, altered, converted, maintained or *used in violation of any ordinance* enacted under this act or prior enabling laws, *the governing body* or, with the approval of the governing body, an officer of the municipality, or any aggrieved owner or tenant of real property who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, *may institute any appropriate action or proceeding to prevent, restrain, correct or abate such building, structure, landscaping or land, or to prevent, in or about such premises, any act, conduct, business or use constituting a violation . . . .*

53 P.S. § 10617 (Emphasis added).

In *Township of Little Britain,* the issue was whether Lancaster County Turf Prod-

**3.** Act of July 31, 1968, P.L. 805, *as amended.*

ucts (Turf Products) required a zoning permit to operate its mushroom soil curing operation in the Township of Little Britain (Township). There, Turf Products began to construct a manure storage facility and commenced excavation of the property without obtaining a permit from the zoning officer. Like the ordinance involved here, the Township's zoning ordinance required that the owner obtain a permit and/or an occupancy permit before it changed use of the land and/or used any building. The Township issued an enforcement notice but Turf Products continued to conduct operations. The Township filed a complaint in equity seeking to enjoin Turf Product's operations pursuant to Section 617 of the MPC. Similar to the trial court's action in this case, the Lancaster County common pleas court in *Township of Little Britain* issued an "ex parte preliminary injunction" enjoining Turf Products from further engaging in mushroom soil curing operation pending a hearing scheduled for six days later.

A hearing was held and the Township presented evidence that the premises was used previously for the raising of crops, chickens and tree stalks. Turf Products conceded that the evidence showed that there may have been a change in use of the land. After conducting a hearing on the Township's motion for preliminary injunction, the Lancaster County common pleas court found the operation proposed by Lancaster County Turf Products was a "permitted agricultural use" that did not require a zoning permit and vacated its ex parte preliminary injunction. *Township of Little Britain,* 604 A.2d at 1228. The Township appealed.

This Court vacated the trial court's order and reinstated the preliminary injunction. Noting that the determinative question was whether there was a change in use of the premises, this Court noted that the property was no longer being used to raise chickens or tree stalks, but was being used to spread mushroom soil. Based on the record, this Court found that Turf Products changed the use of the land without having obtained the necessary permits or certificates of use or occupancy as required by the Township's zoning ordinance. Because the Township had established a per se violation of its zoning ordinance, the standard of Section 617 of the MPC applied, rather than the criteria of Pa.R.C.P. No. 1531.

*Township of Little Britain,* while at first glance may appear controlling, is different in important respects. First, the propriety of the entry of the ex parte preliminary injunction pending the first hearing was not challenged in that case. Second, the Township provided evidence that established Turf Products' per se violation of the zoning ordinance which supported the preliminary injunction.

■ In the present controversy, there is nothing of record from which the trial court could have, on October 7, 2008, determined the purpose for which the property was used *before* Orange Stones purchased it or whether there had indeed been a *change in use* of the property. The trial court did not find that Orange Stones changed the use of the land without first obtaining the necessary permits and certificates as required by the zoning ordinance and it did not conclude that there was a per se violation of the zoning ordinance. The trial court did not analyze the pertinent sections of the zoning ordinance to determine their meaning or whether Orange Stones was required to obtain a zoning permit or certificate of occupancy. The trial court merely continued the preliminary injunction pending a determination of *whether permits were needed.* It essentially continued the temporary injunction *because the City was not ready to*

*proceed with its evidence.* Because the trial court did not find that Orange Stones was in operation of a business in violation of the zoning ordinance by not having obtained a certificate of occupancy, neither *Township of Little Britain* nor Section 617 of the MPC supports the continuance of the preliminary injunction. This Court must conclude that there were no apparently reasonable grounds to continue the preliminary injunction on October 7, 2008, for an additional two months without a hearing and at least a determination that Orange Stones was potentially in violation of a zoning ordinance. The October 7, 2008, order must be vacated and to the extent that it continued the preliminary injunction first entered on September 17, 2008, that preliminary injunction is dissolved.

It is not clear to this Court how this benefits Orange Stones other than to rewind the clock to October 7, 2008. Orange Stones is not "enjoined" from conducting business on the premises *by operation of a preliminary injunction.* The trial court must, as soon as possible, schedule an evidentiary hearing and determine if Orange Stones is required to obtain a use or occupancy permit under the zoning ordinance. In the meantime, Orange Stones will proceed at its own risk of the fines and penalties set forth in Section 617.2 of the

MPC, 53 P.S. § 10617.2[4], if it conducts business on the premises despite the stop work/enforcement notice and it is later determined that its conduct was in violation of the zoning ordinance.

*Conclusion*

For the foregoing reasons, the trial court's October 7, 2008, is vacated. The preliminary injunction is dissolved. The matter is remanded to the trial court to hold hearings in accordance with this opinion. Jurisdiction is relinquished.

***ORDER***

AND NOW, this *18th* day of *August,* 2009, the order of the Court of Common Pleas of Berks County dated October 7, 2008, is hereby reversed. The preliminary injunction is dissolved. The matter is remanded to the Court of Common Pleas of Berks County to hold hearings in accordance with this opinion.

Jurisdiction is relinquished.

4. Added by Act of December 21, 1988, P.L. 1329.