J-A29025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KELLY L. COLE, AN INDIVIDUAL, AND BILL COLE'S PUB INC., A PENNSYLVANIA CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEFFREY M. ZWERGEL, AN INDIVIDUAL, CYNTHIA F. ZWERGEL, AN INDIVIDUAL, THE VINYL ANSWER, INC., A PENNSYLVANIA CORPORATION, AND TRU REAL ESTATE HOLDINGS, LLC, A PENNSYLVANIA CORPORATION | |
| Appellants | No. 689 WDA 2021 |

Appeal from the Order Entered May 6, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD21-003692

BEFORE:   BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J. :                    **FILED: FEBRUARY 11, 2022**

Jeffrey M. Zwergel, Cynthia F. Zwergel, The Vinyl Answer, Inc., and Tru Real Estate Holdings, LLC (collectively "the Zwergels") appeal from the order that granted the Motion for Special and/or Preliminary Injunction filed by Kelly L. Cole and Bill Cole's Pub, Inc. ("Cole") pending a final hearing on the motion. We vacate the order and remand for further proceedings.

Cole and the Zwergels are owners of adjacent commercial properties, operating a pub and a vinyl fabrication business, respectively.  In 1962, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

parties' predecessors in interest had recorded an agreement to allow customers of both businesses to use a parking lot between the establishments. Unaware of the existence of this 1962 agreement, the Zwergels in 2018 approached Cole with a license agreement, requiring her to pay for the continued use of their portion of the lot. When Cole discovered the prior agreement and her apparent right to use the lot free of charge, she stopped making the monthly payments. The Zwergels then took steps to erect a fence to close off that portion of the lot owned by them. Cole responded by filing a complaint seeking, *inter alia*, declaratory and injunctive relief. Cole also filed an emergency motion for a preliminary injunction to maintain her customers' access to the parking during the pendency of the action.

The trial court scheduled a status conference and then a hearing on the motion. On May 6, 2021, following the initial hearing, the court signed what appears to be the proposed order drafted by Cole, which stated as follows:

> AND NOW, this 6th day of May 2021, upon consideration of the Plaintiff's emergency motion for special and/or preliminary injunction, it is hereby ORDERED that the motion is GRANTED. Plaintiffs have demonstrated a reasonable probability of success on the merits against Defendants. Plaintiffs' have also demonstrated that they would suffer immediate and irreparable harm in the absence of an injunction, that an injunction would not cause greater harm to Defendants and that an injunction would be in the public interest.
>
> Pending a final resolution of this action on the merits, it is hereby ORDERED that Defendants will not construct or install a fence or any other barrier on that portion of the property used to access Plaintiff's property.

Order, 5/6/21. The court further added additional hand-written provisions to the order, including the following: "A final hearing to be held at the request of the parties." **Id**.

On May 18, 2021, the Zwergels filed a motion for reconsideration and clarification, in which they, *inter alia*, requested "a final hearing on [Cole's] Motion for Preliminary Injunction" in accordance with the provision of the May 6 order. Motion for Reconsideration and Clarification, 5/18/21, at 7. On May 21, 2021, Cole filed a motion for sanctions, claiming that the Zwergels violated the May 6 order by blocking the area of the pertinent parking lot with large trucks instead of a fence, something they had never done in the past. By order of June 4, 2021, the court prohibited the Zwergels from parking more than one truck at a time in that area, deferred sanctions to the final hearing on the matter, scheduled a final hearing to take place on July 9, 2021, and indicated that the trial court would conduct a site visit on July 8, 2021, to be arranged by the parties. **See** Order, 6/4/21.

The Zwergels immediately filed a notice of appeal to this Court from the May 6, 2021 order. The trial court directed the Zwergels to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the Zwergels timely complied. The trial court issued a Pa.R.A.P. 1925(a) opinion in which he, *inter alia*, posited that the Zwergels' appeal is premature. As the appealability of an order impacts this Court's jurisdiction, we examine that issue before delving into the substance of this appeal. **See**, **e.g.**, **Kulp v.**

***Hrivnak***, 765 A.2d 796, 798 (Pa.Super. 2000) ("Since we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order.").

As a general rule, appeals are to be taken from final orders that dispose of all claims and all parties. ***See*** Pa.R.A.P. 341. However, there are many exceptions, including those interlocutory appeals as of right enumerated in Pa.R.A.P. 311. Relevant to the instant appeal, Rule 311 indicates that an immediate appeal may be taken as of right from:

> An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:
>
> > (i) Pursuant [certain provisions of the Divorce Code];
> or
>
> > (ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4).

The Zwergels contend that the May 6, 2021 order was immediately appealable pursuant to the initial provision of the Rule. ***See*** Zwergels' brief at 1. The trial court and Cole disagree. ***See*** Trial Court Opinion, 7/12/21, at 11; Cole's brief at 15. Cole argues that the "ruling was temporary in nature," a mere "temporary measure put into place to govern the use of the neighboring properties until that time when the court could hold a final hearing

on Cole's Emergency Motion." Cole's brief at 15-16. Cole at the same time suggests that the interim order entered before the conclusion of the preliminary injunction proceedings was one entered "after a trial but before entry of the final order," placing it within the exception established by subsection (ii). *Id*. at 16. Cole maintains that the order merely preserved the status quo rather than enjoining conduct previously permitted, rendering inapplicable the exception to the subsection (ii) exception. *Id*. at 16-17.

We agree with the Zwergels that the order from which they appealed was immediately appealable pursuant to Rule 311(a)(4). While at first blush it does appear that the Zwergels may have acted prematurely in appealing while additional proceedings on the preliminary injunction request were pending, upon further examination, we are convinced that the May 6, 2021 order is one contemplated by Rule 311(a)(4) for interlocutory appeal.

A preliminary injunction's purpose "is to preserve the status quo as it exists or previously existed before the acts complained of, thereby preventing irreparable injury or gross injustice." *City of Allentown v. Lehigh Cty. Auth.*, 222 A.3d 1152, 1156 (Pa.Super. 2019) (cleaned up). The status quo is the factual, not the legal, state of affairs between the parties. It "is the last actual, peaceable and lawful noncontested status which preceded the pending controversy." *Porter v. Chevron Appalachia, LLC*, 204 A.3d 411, 417 (Pa.Super. 2019). A preliminary injunction functions to preserve this pre-

dispute environment, not to announce a finding that the existing arrangement reflects the actual rights of the parties.[1]

Preliminary injunctive relief "is an extraordinary, interim remedy that should not be issued unless the moving party's right to relief is clear and the wrong to be remedied is manifest." ***Ambrogi v. Reber***, 932 A.2d 969, 974 (Pa.Super. 2007). "Parties must obey a preliminary injunction, even if invalid, if the order is entered by a court with jurisdiction over the subject matter of the order and the parties thereto unless the order is vacated or reversed." ***Rouse Philadelphia Inc. v. Ad Hoc '78***, 417 A.2d 1248, 1257 (Pa.Super. 1979). Failure to obey an injunction subjects the violator to punishment for contempt. ***Brightbill v. Rigo, Inc.***, 418 A.2d 424, 430 (Pa.Super. 1980). Accordingly, Rule 311(a)(4) was "originally designed to permit immediate appeals from preliminary injunctions" pending a final resolution of the case. ***Thomas A. Robinson Family Ltd. P'ship v. Bioni***, 178 A.3d 839, 845 (Pa.Super. 2017).

The entry of preliminary injunctions is governed by Pa.R.C.P. 1531, which, relevant to this appeal, provides as follows:

_____

[1] While not necessarily reflected by the prevailing factual status quo, an early assessment of the legal rights of the parties is pertinent to the decision whether to issue a preliminary injunction, as the trial court must conclude that the moving party is likely to ultimately prevail on the merits. ***See***, ***e.g.***, ***Matenkoski v. Greer***, 213 A.3d 1018, 1025 (Pa.Super. 2019). Given our resolution of this appeal, however, we do not address this aspect of the trial court's ruling.

(a) A court shall issue a preliminary or special injunction[2] only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

(b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if

(1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, or

(2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond.

(c) Any party may move at any time to dissolve an injunction.

(d) An injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the

_____

[2] Pennsylvania law no longer recognize a distinction between a preliminary injunction and a special injunction. *See* 5 Goodrich Amram 2d § 1531(a):1, Amram commentary ("Because of the many similarities between preliminary and special injunctions, the two types tend to merge into one and the words are used interchangeably. Although the former equity rules made minor distinctions between them, the Pennsylvania Rules of Civil Procedure treat them exactly alike.").

injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct.

(e) After a preliminary hearing, the court shall make an order dissolving, continuing or modifying the injunction.

Pa.R.C.P. 1531 (*Notes* omitted).

The May 6, 2021 order from which the Zwergel's appealed was not an *ex parte* emergency injunction which contemplated a full hearing at a later date pursuant to Rule 1531(d). Rather, the order was entered following notice and a hearing, and plainly granted Cole's request for a preliminary injunction. In so doing, the court became involved in a dispute that had until then remained private. Pursuant to the plain language of Rule 311(a)(4), they therefore have an immediate right to have these court-imposed constraints on their use of their property reviewed by this Court.

The fact that the order was only a "temporary measure" to preserve the status quo *pendente lite* changes nothing. Cole's brief at 15-16. Preliminary injunctions are by definition temporary and limited to preserving the status quo pending resolution of the case. *See*, *e.g.*, *Weeks v. Dep't of Human Servs.*, 255 A.3d 660, 666 (Pa.Cmwlth. 2021) ("A preliminary injunction maintains the status quo until the merits of the controversy can be fully heard and determined[.]" (cleaned up)). Nothing in the law of Pennsylvania recognizes a "temporary" or "interim" injunction that precedes or is distinct from a "preliminary" injunction. It is beyond peradventure that the restrictions placed upon the Zwergels amounted to a preliminary injunction

insofar as it barred their free use of the property. *See City of Reading v. Firetree, Ltd.*, 984 A.2d 16, 21–22 (Pa.Cmwlth. 2009) (rejecting trial court's contention that its "preliminary temporary prohibitive injunction" entered prior to completion of hearings on preliminary injunction was unappealable because the status-quo-maintaining restriction it imposed "[u]nquestionably . . . was tantamount to a preliminary injunction").[3]

Further, the point of subsection (ii) of Rule 311(a)(4) is to address the situation, absent in the case *sub judice*, where a permanent injunction is issued following a full trial of all claims in a case. To prevent Rule 311(a)(4) from being used "as a backdoor means of bypassing the post-trial motion and final judgment requirements applicable to most appeals," such orders are not ordinarily immediately appealable. *Thomas A. Robinson Family Ltd. P'ship*, *supra* at 846. However, if the permanent injunction creates new court-ordered obligations to act or refrain from acting, then the permanent injunction may be appealed prior to the resolution of post-trial motions and the entry of judgment. This exception-to-the-exception's "clear purpose is to permit an immediate appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick

---

[3] We reiterate that, at this stage, the relevant status quo is the factual, not the legal, state of affairs between the parties. That status quo was that the Zwergels did not obstruct the lot with trucks or a storage area, and Cole's customers could park there. Whether those circumstances were required by the 1962 agreement or some other contract or legal theory is not pertinent to the Rule 311(a)(4) analysis.

appellate recourse without incurring delays from post-trial proceedings in the trial court." *Id*. at 847.

Hence, the function of Rule 311(a)(4)(ii) is to prohibit interlocutory appeals from immediately-effective permanent injunctions that do not newly impose court-ordered obligations on the parties. In other words, there is no interlocutory appeal from permanent injunctions that do not change the existing compulsions ordered by the court, but merely continue to enjoin or mandate what the court already enjoined or mandated with a preliminary injunction. In those circumstances, appellate review of the propriety of the restraints had previously been available. However, if the permanent injunction creates new court-ordered mandates or prohibitions to which appellate review was not previously available, the newly-burdened party need not wait for a final order to obtain that review.

In any event, the injunction issued in the case *sub judice* was not entered "[a]fter a trial but before entry of **the** final order" that would memorialize the final judgment in the case. Pa.R.A.P. 311(a)(4)(ii) (emphasis added). Rather, it was issued in the middle of preliminary injunction proceedings, with a trial yet to be scheduled and the entry of final judgment beyond the horizon.[4] Thus, subsection (ii) has no bearing. Moreover, we have

_____

[4] On the matter of the pendency of a final resolution of this case, we are perplexed by the trial court's apparent belief that that this appeal served to halt the proceedings in the trial court. *See* Trial Court Opinion, at 11 ("Despite

- 10 -

already established that the order enjoined conduct that theretofore had not been enjoined. Consequently, even if the initial hearing were to be considered a "trial" for purposes of the rule, the order here meets the exception to the exception and is immediately appealable as of right.

Having determined that we have jurisdiction to adjudicate this appeal, we turn to the claims of error raised by the Zwergels:

A. The harm complained of by [Cole] is adequately compensated by damages.

B. [Cole is] unlikely to prevail on the merits of [her] claims.

   1. The license agreement, which was the sole basis for [Cole's] ability to use [the Zwergels'] property, was properly terminated effective April 1, 2021.

   2. [Cole] badly mischaracterize[s] the applicability of the 1962 agreement to the disputed parking area.

   3. It is clear from the record that the prior owners of the parcels in question did not intend an easement over the disputed parking area.

---

[the trial court's] finding that this matter is premature of appellate review, this writer authors the following opinion in an effort to expedite a final judgment on this matter at the [t]rial [c]ourt level."). Pa.R.A.P. 311(h) plainly states that Pa.R.A.P. 1701(a), which provides the general rule that trial courts may not proceed further with a matter after an appeal is taken, is inapplicable when the appeal is taken from an interlocutory order pursuant to Rule 311(a)(4). By failing "to proceed with the evidentiary hearing and issue [an order] pending this appeal," the Zwergels have been enjoined from using their property and continue to be enjoined nearly one year later although the preliminary injunction proceedings have yet to conclude. *City of Reading v. Firetree, Ltd.*, 984 A.2d 16, 21 (Pa.Cmwlth. 2009). "What, in effect, happened is precisely what Rule 1701[ and 311(h) were] designed to avoid." *Id*.

C.    Granting the motion would inflict greater harm on [the Zwergels] than the benefit conferred o[n Cole].

D.    The trial court abused its discretion by entering the preliminary injunction set forth in its order without setting a bond or requiring that [Cole] post a bond as is required pursuant to Pa.R.C.P. 1531(b).

Zwergels' brief at 4 (cleaned up).

Our standard of review of a preliminary injunction is "highly deferential." *Duquesne Light Co. v. Longue Vue Club*, 63 A.3d 270, 275 (Pa.Super. 2013).  In assessing a trial court's ruling on a request for a preliminary injunction, "we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below." *City of Allentown v. Lehigh Cty. Auth.*, 222 A.3d 1152, 1156 (Pa.Super. 2019) (cleaned up).  "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the trial court." *Id*. (cleaned up).

As we find it determinative, we address the Zwergels' last issue first.  As quoted *supra*, Rule 1531(b) provides that a preliminary injunction shall be granted only if the plaintiff (1) files a bond "in an amount fixed and with security approved by the court," or (2) "deposits with the prothonotary legal tender of the United States in an amount fixed by the court. . . ."  Pa.R.C.P. 1531(b).  "The purpose of an injunction bond . . . is to protect [the party] in the event that the preliminary injunction was improperly granted and damages

- 12 -

were sustained thereby." ***Parkinson v. Lowe***, 760 A.2d 65, 68 (Pa.Super. 2000).

It is well-established that the bond "requirement is **mandatory** and an appellate court **must invalidate** a preliminary injunction if a bond is not filed by the plaintiff." ***Soja v. Factoryville Sportsmen's Club***, 522 A.2d 1129, 1131 (Pa.Super. 1987) (emphases added). ***See also Rosenzweig v. Factor***, 327 A.2d 36, 38 (Pa. 1974) ("The decree was also defective and subject to being vacated for the further reason that it issued without the requisite bond being filed by appellee pursuant to Pa.R.C.P. 1531(b)."). Indeed, "[e]ven if the trial court's order was otherwise proper, its failure to require the posting of a bond mandates our reversal of its decision." ***Walter v. Stacy***, 837 A.2d 1205, 1208 (Pa.Super. 2003) (cleaned up).

Cole attempts to avoid the ramifications of the order's failure to comply with Rule 1531(b) by arguing (1) that the Zwergels waived the issue pursuant to Pa.R.A.P. 302(a) by not objecting prior to the entry of the May 6, 2021 order, and (2) that the bond requirement was not triggered yet because this was merely a "temporary and preliminary ruling," rather than one issued after "a final hearing on a preliminary injunction." Cole's brief at 28-29.

We are unpersuaded. First, we have already detailed our reasons for rejecting the notion that the May 6, 2021 injunction was something other than a preliminary injunction. Second, the Zwergels obviously had no opportunity, let alone obligation, to object to the order's lack of a bond requirement before

it knew that an order would be entered without a bond requirement. Promptly after the trial court entered the offending order, the Zwergels filed a motion for reconsideration and clarification, in which the first issue raised was the court's failure to set a bond amount. **See** Motion for Reconsideration and Clarification, 5/18/21, at 1-3. The trial court thereafter proceeded to impose more specific restrictions than those included in the May 6, 2021 order and schedule further proceedings, but neglected to correct the bond omission.[5] **See** Order, 6/4/21. Accordingly, we discern no basis to deem the issue waived.

Therefore, because the trial court enjoined the Zwergels without first requiring Cole to post a bond, the injunction cannot stand. We thus vacate the May 6, 2021 order, as well as the June 4, 2021 order which augmented it, and remand for the trial court to reschedule its July 9, 2021 hearing and resolve Cole's preliminary injunction request in full compliance with Pa.R.C.P. 1531.

_____

[5] We further observe that the Zwergels again raised the failure to set a bond amount as their primary claim or error in their Pa.R.A.P. 1925(b) statement, but the trial court still did not correct the error. **Cf. Downs v. Smythe**, 701 A.2d 591, 594 (Pa.Super. 1997) (concluding that the trial court, upon realizing that the initial injunction was invalid due to lack of a bond, "was correct in re-issuing the preliminary injunction [after] it ordered appellees to post bond[.]"). Indeed, the trial court, although acknowledging in its opinion that the Zwergels complained of the lack of a bond, failed to address the claim of error in its Rule 1925(a) opinion.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/11/2022