IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Butler Township                                 :
                                                :
            v.                                   :    No. 1310 C.D. 2021
                                                :    Submitted: February 3, 2023
Bobbi Jo Glowacki-Wagner,                        :
                        Appellant                :

BEFORE:     HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                        FILED: August 24, 2023

        Bobbi Jo Glowacki-Wagner (Appellant) appeals from an order of the
Court of Common Pleas of Schuylkill County (trial court), entered August 6, 2021,
which granted Butler Township's (Township) petition for preliminary injunction and
ordered Appellant to remove all chickens from her property. Upon review, we
affirm.

## I. BACKGROUND

        The facts in this case are not in dispute. Appellant owns property
located at 192 Lavelle Road, Ashland, Pennsylvania (Property). The Property is
zoned as an "R-3" district, which is described by the Butler Township zoning
ordinance as "High Density Residential." *See* Butler Twp., Pa. Zoning Ordinance, §
405.1, (1997).

        On March 29, 2021, the Township's zoning officer sent an enforcement
notice to Appellant, informing her that she was in violation of Section 405 of the

ordinance for keeping chickens on her property.[1,2]  The enforcement notice directed Appellant to remove the chickens from the property by May 15, 2021.  The notice also advised Appellant that she could appeal the notice within 30 days and that failure to appeal would be conclusive.  Appellant neither removed the chickens as directed, nor did she appeal the enforcement notice to the Butler Township Zoning Hearing Board (Board).

On July 21, 2021, the Township filed a petition for preliminary injunction, seeking an order from the trial court directing Appellant to remove the chickens from her property.  On August 5, 2021, the trial court held a hearing on the matter, wherein the parties presented evidence and argument in support of their positions.  By order dated August 6, 2021, the trial court granted the preliminary

---

[1] A second violation detailed in the enforcement notice, related to fencing on Appellant's property, is not pertinent to this appeal.

[2] Section 405 provides:

High Density Residential (R-3)

405.1 Permitted Uses:
(a) single family attached dwellings; (b) single family semi-detached dwellings; (c) two family detached dwellings; (d) two-family semi-detached dwellings; and (e) public uses, structures or buildings owned or operated by the Municipality, or any Municipal Authority organized by the Municipality; and (f) sound and reasonable forestry activities and practices.

405.2 Permitted Accessory Uses – Located on the same lot with the permitted principal use:
(a) private garages or private parking areas; (b) signs pursuant to Section 505; (c) home occupations pursuant to Section 502; and (d) customary accessory uses, structures, or buildings, provided such are clearly incidental to the principal use.

405.3 Use Permitted by Special Exception:
(a) Rooming or boarding houses; (b) Mult[i]-family dwelling units pursuant to Section 504; and (c) accessory uses, structures, or buildings not located on the same lot with the permitted principal use.

Butler Twp., Pa. Zoning Ordinance, §§ 405.1, 405.2, 405.3 (1997).  Pursuant to Section 201.4, agriculture is defined as the cultivation of soil and the raising and harvesting of the products of the soil, including but not limited to nursery, horticulture, forestry, and animal husbandry. *Id.* § 201.4.

injunction. The trial court reasoned that because Appellant failed to appeal the enforcement notice, Appellant had admitted the violation. *See* Trial Ct. Op., 8/6/21, at 2 (unpaginated) (relying on *Woll v. Monaghan Twp.*, 948 A.2d 933 (Pa. Cmwlth. 2008)). Appellant timely appealed to this Court.[3]

## II. ISSUE

Appellant asserts that the Township was not entitled to injunctive relief, despite her failure to appeal the enforcement notice, because the zoning ordinance does not prohibit her conduct. *See* Appellant's Br. at 10-14. The Township rejects this assertion and contends that Appellant's failure to appeal the enforcement notice is dispositive. *See* Twp.'s Br. at 3-9.[4]

## III. DISCUSSION[5]

Appellant asserts that the trial court erred in granting the Township injunctive relief. *See* Appellant's Br. at 10-14. According to Appellant, the Township may not premise its petition for injunctive relief merely upon her failure to appeal the enforcement notice. *See generally id.* (challenging the conclusive nature of her failure to appeal as an improper application of *res judicata*). Rather,

---

[3] On January 3, 2022, Appellant filed an Application for Stay Pending Appeal of the trial court's order. This Court denied Appellant's Application for Stay. Order, 3/2/22.

[4] Appellant also purports to challenge the ban on animal husbandry as unconstitutionally vague. Appellant's Br. at 14-15. As noted by the Township, Appellant did not submit this challenge to the Board in the first instance. *See* Twp.'s Br. at 11-12. Accordingly, we deem this issue waived. *See Dore v. Zoning Hr'g Bd. of W. Norriton Twp.*, 587 A.2d 367 (Pa. Cmwlth. 1991); Section 916.1 of the Pennsylvania Municipalities Planning Code (MPC), *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1,

[5] "[W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court]." *See City of Reading v. Firetree, Ltd.*, 984 A.2d 16, 22 (Pa. Cmwlth. 2009).

3

according to Appellant, the trial court must engage in an independent analysis of her conduct to ascertain whether it violates the zoning ordinance. *See id*. at 11-12. Further, noting that a landowner should be permitted the broadest use of her property, Appellant suggests that she did not violate the zoning ordinance as stated in the enforcement notice. *Id*. at 10-11 (citing *Sabatini v. Zoning Hr'g Bd. of Fayette Cnty.*, 230 A.3d 514 (Pa. Cmwlth. 2020)).

The relevant law is settled. "A landowner's failure to appeal the notice of violation results in a final adjudication that the landowner violated the zoning ordinance." *Woll*, 948 A.2d at 937. "If the landowner fails to appeal, [s]he may not later deny that there was a violation." *Id*. Further, absent an appeal or corrective conduct, a municipality is entitled to the grant of a preliminary injunction to restrain violations of its zoning ordinance.[6] *See* Section 617 of the MPC, 53 P.S. § 10617. To obtain an injunction, the municipality need only show that there was a "violation of some specific provision of the zoning ordinance." *Twp. of Little Britain v. Lancaster Cnty. Turf Prods., Inc.*, 604 A.2d 1225, 1228 (Pa. Cmwlth. 1992); *see also Twp. of Middle Smithfield v. Kessler*, 882 A.2d 17 (Pa. Cmwlth. 2005) (holding that a township was entitled to an injunction prohibiting the continued operation of a gas station without an occupancy permit in violation of the township's zoning ordinance).

Here, Appellant received an enforcement notice advising her that she was in violation of the zoning ordinance. Pet. for Prelim. Inj., 7/21/21, Ex. C (Enforcement Notice, 3/29/21). As set forth in the notice, the zoning officer determined that by keeping chickens on her property, Appellant was engaged in agricultural conduct prohibited in the R-3 zoning district. *Id.* Appellant did not

---

[6] A municipality may also initiate an action for sanctions. *See* Section 616.1(c)(6) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1(c)(6).

4

appeal the notice as advised, nor did she remove the chickens from her property. *See* Notes of Testimony (N.T.) Hr'g, 8/5/21, at 24-25. Her failure to appeal is conclusive evidence that she violated the zoning ordinance. *See Woll.* Further, her failure to take corrective action entitles the Township to injunctive relief. *See Twp. of Little Britain*; *Smithfield*.[7]

Accordingly, we affirm the trial court's order.

_____
LORI A. DUMAS, Judge

---

[7] We note that Appellant's reliance on *Sabatini* is misplaced. In that case, a landowner maintained that chickens kept on his property were pets and denied that he was engaged in commercial agriculture. *Sabatini*, 20 A.3d at 516. The county officer issued a violation notice, and the landowner appealed to the county zoning hearing board. *Id.* Following a hearing, the board upheld the notice, and the common pleas court affirmed the board. *Id.* at 517-18. Upon further appeal and analysis of the relevant provisions, this Court agreed with the landowner and held that he was not engaged in agriculture as defined by the zoning ordinance and, therefore, could keep the chickens on his property. *Id.* at 519-23. Our interpretation of the zoning ordinance in *Sabatini* is not relevant here because Appellant's failure to appeal to the Board in the first instance is dispositive and precludes a substantive analysis. Nevertheless, we will note further that the relevant provisions in *Sabatini* prohibited *commercial* agriculture, *see id.* at 521, but there is no apparent commercial element to the Butler Township prohibition of agriculture in its R-3 zoning district.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Butler Township          :
                        :
         v.         :   No. 1310 C.D. 2021
                        :
Bobbi Jo Glowacki-Wagner,   :
            Appellant   :

# **O R D E R**

AND NOW, this 24th day of August, 2023, the order of the Court of Common Pleas of Schuylkill County, entered August 6, 2021, is AFFIRMED.

LORI A. DUMAS, Judge